**MANHATTAN FIREPROOFING CO., Inc., v. JOHN THATCHER & SON.**

Civil No. 1754.

District Court, E. D. New York.

May 6, 1941.

Joseph A. Byrne, of New York City, for plaintiff.

Hirsh, Newman, Reass & Becker, of New York City (Benjamin Reass and David J. Brown, both of New York City, of counsel), for defendant.

ABRUZZO, District Judge.

The plaintiff entered into a contract with the defendant and instituted this action for an alleged breach of that agreement. The contract provided that the plaintiff was to supply all the materials and all the labor necessary to complete the concrete work set forth in the plans and specifications which were made a part of the agreement.

The defendant had a building contract with John F. Trommer, Inc., of Brooklyn, New York, who were the owners of the building; the plaintiff being a sub-contractor.

The defendant has made a motion to dismiss the second cause of action set out in the complaint. By this second cause of action, the plaintiff seeks to recover damages on the theory that the defendant did not have the work ready for the plaintiff in such manner and in such time so as to complete the job in one operation by January 1, 1940 or a reasonable time thereafter.

The main part of the agreement specifies particularly the obligation of the defendant to deliver the property to the plaintiff in such manner and in such time for the plaintiff's work to be done in one operation and completed by January 1, 1940.

It is obvious that the plaintiff, by virtue of being able to complete the job by January 1, 1940, and in one operation, made a bid based upon that clause in the agreement.

Before the agreement was signed, it became apparent that the work to be done by the plaintiff could not be finished by January 1, 1940, and a rider, executed by both parties, was attached to the contract, providing as follows: "In the paragraph relating to the time of the work to be completed, it will be impossible to do this complete job in three weeks time unless the entire work was ready for us at one time or that the job could be done in one operation. We do not feel that this is practical but we will complete the job as quickly as possible as the work is ready for us."

The plaintiff undoubtedly wanted to absolve itself from liability for failure to complete the work within the time specified in the main body of the agreement.

The rider was attached to the agreement because the plaintiff could see before he signed this contract on November 20, 1939, that the work could not be turned over to him in time to comply with the clause which provided that the work had to be finished

by January 1, 1940. This fact is uncontradicted.

The question to be determined by this Court is the interpretation to be placed upon these seemingly contradictory provisions contained in the agreement.

It is indisputable that the work was not turned over to the plaintiff in such manner and in such time so as to complete the job in one operation by January 1, 1940, or a reasonable time thereafter. The plaintiff was only able to work spasmodically. He was hindered and delayed in the performance of his work and due to the delay caused by the defendant, he was unable to finish his work until much later than January 1, 1940.

The plaintiff contends there is no contradiction between the provisions of the contract and that of the rider. They must be read together. The defendant claims the rider relieved him of the obligation and duty of turning the job over to the plaintiff so that it could complete the work in one operation, or at any specified time.

On November 20, 1939, the rider was attached to the agreement before it was signed by both parties. It is evident that both parties believed that due to existing circumstances at that time the work could not be finished by January 1, 1940. It was apparent that the defendant was not going to be able to permit the plaintiff to start the work in time to finish it by January 1, 1940. Plaintiff, obviously, wanted to save itself from a possible claim of breach of contract. It is also apparent that the plaintiff's bid took into consideration the terms of the main body of the contract, to wit; that the plaintiff was to be allowed to do its work in one continuous operation so that it could be completed in three weeks. This would permit the plaintiff to be finished by January 1, 1940.

The rider merely extended the time for the plaintiff to finish the work within a reasonable time beyond January 1, 1940. It was not within the contemplation of either of the parties that the plaintiff would be unduly or unnecessarily delayed.

■■ The true guide in construing the rider attached to the contract is what a reasonable man would understand their duties and rights to be under all the circumstances surrounding the signing and delivery of the contract and the fair indications of what the parties wished to accomplish thereby. This is especially true in view of the fact that the plaintiff and defendant were experienced contractors of long standing. It was the duty of the defendant to see that the way was clear and the site prepared so that the plaintiff might proceed with its work in the most advantageous manner. Mansfield v. New York C. & H. R. R. Co., 102 N.Y. 205, 6 N.E. 386.

■ Defendant's contention that time was not in any way the essence of the contract cannot be accepted. Nor is its contention that the work was not to be delivered to the plaintiff so that the job could be done in one operation tenable. The rider in no way changed these two features of the main contract appreciably. It merely extended the time to finish the job a reasonable time beyond January 1, 1940. The defendant has cited many cases apropos of an agreement where there is a conflict between the main body of the contract and the rider attached. In Crew-Levick Co. v. British & Foreign Ins. Co., C.C., 77 F. 858, certiorari denied, 179 U.S. 685, 21 S.Ct. 918, 45 L.Ed. 386, there was a plain repugnancy between the provisions of the original contract and those of a supplemental one between the same parties and relating to the same subject matter. The case at bar does not come within the purview of that line of cases.

The delay occasioned by the defendant retarded and hindered both the progress of the work and the time within which the plaintiff was able to finish its job. The plaintiff was able to do his work piecemeal at best. The long time that plaintiff had to necessarily stay on the job was not contemplated by the parties when they signed the agreement on November 20, 1939. The defendant's conduct and breach of contract was the cause of plaintiff's damage as pleaded in the second cause of action. The plaintiff should be compensated for this loss.

Defendant's motion for the dismissal of the second cause of action in the complaint is hereby denied.

Settle order on notice.